**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Arthur KING, Defendant–Appellant.**

**No. 88–5679.**

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1989.

Decided July 20, 1989.

Todd C. Conormon, Asst. Federal Public Defender (William E. Martin, Federal Public Defender, and Bridgett Britt Aguirre, Third Year Law Student, on brief) for defendant-appellant.

Sidney M. Glazer, Dept. of Justice (Margaret P. Currin, U.S. Atty., on brief) for plaintiff-appellee.

Before PHILLIPS and WILKINS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

WILLIAMS, District Judge:

The appellant, Arthur King, was acquitted of one count of misprision of a felony and two counts of solicitation to commit a crime of violence, but convicted of four counts of making false statements before the grand jury. He challenges the trial court's refusal to permit his surrebuttal evidence and its admission of "other bad acts" evidence under Fed.R.Evid. 404(b).

In October, 1986, police began investigating the arson of the Liberty Warehouse in Wilson, North Carolina. They eventually arrested one Ronnie Stocks, who confessed to several arsons and agreed to cooperate. Stocks originally named the appellant as his employer, but then admitted he was hired by Harvey Bowen, reputedly a major organized crime figure in North Carolina. Further investigation led to King's indictment, and a jury ultimately acquitted King of charges that he solicited Stocks to burn the buildings.

However, King, who has a first grade education and cannot read or write, testified before the grand jury that he knew nothing of Stock's activities. He admitted at trial that those statements were false, but also claimed that Bowen repeatedly had threatened his life if he told the grand jury what he knew. On one occasion, King testified, Bowen took him to a cemetery, made him kneel down in front of an open grave, and suggested that King not cooperate with the investigation.

The appellant had farmed for Bowen after Bowen bought his farm equipment at a foreclosure sale. Explaining this relationship at trial, King testified that he was supposed to receive half of the profits from Bowen's farm, but had received nothing from Bowen for two years. As rebuttal evidence, over the defendant's objection, an Alcohol, Tobacco and Firearms agent produced several checks totalling about $25,000 from Bowen to King, with notations that they were for farm profits, and testified that King had not reported these sums on his tax return. King's attorney moved to strike the evidence as irrelevant. When the District Court denied that motion, the defense offered King's accountant's testimony as surrebuttal. The judge denied the motion, saying that he had never heard of allowing evidence after rebuttal (Joint Appendix 53–54). King argues on appeal that the District Court should have permitted surrebuttal evidence and that the government's evidence of a false tax return should have been excluded under Fed.R. Evid. 404(b) because it was an "other bad act" offered only for the impermissible purpose of impeaching King's character.

■ Surrebuttal evidence, though rarely offered, is admissible to respond to any new matter brought up on rebuttal. *U.S. v. Burgess*, 691 F.2d 1146 (4th Cir. 1982). Whether the rebuttal evidence was a new matter is left within the discretion of the trial judge. *See id.* The District Court never reached the issue here, but the charge that King had failed to report income on his tax return, when he was on trial for another form of lying, was obviously a new matter. The District Court clearly erred in excluding the proffered evidence.

■ We conclude, however, that the error was harmless. The appellant admitted that he had lied to the grand jury, and based his entire defense on the claim that he lied under duress. The duress defense is limited to very narrow circumstances that were not present in this case, and the

evidence here was insufficient as a matter of law to warrant submission of the claim to the jury. Fear of reprisal, which is what King showed, does not justify criminal conduct; to establish duress the defendant must show that he acted under a reasonable fear of an *imminent* threat of bodily harm and that he had no reasonable choice but to commit the illegal act. *See, e.g., U.S. v. Jenrette,* 744 F.2d 817, 820–21 (D.C. Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1985); *U.S. v. Ciambrone,* 601 F.2d 616 (2d Cir.1979). King's description of Bowen's threats, if true, would certainly raise a reasonable fear, but nothing in the record suggests that the threat to King was imminent or that King had no alternative but to lie.

Admittedly, the evidence suggested that Bowen had significant ties to law enforcement, and King may have been wary about explaining his reluctance to testify to the police. But King never mentioned his fear to anyone or made any effort to avoid lying to the grand jury. Nor was the threat imminent; at best Bowen would have to find out what happened in the secret grand jury proceedings and seek revenge. It is unclear from the record whether the duress instruction was appropriate on the substantive counts, but as a matter of law the instruction should not have been given as to the false statement counts.

The surrebuttal testimony of the accountant, if admitted, would not have disputed King's admission that he lied to the grand jury; at best it would have suggested King's truthful character and supported the duress defense. Because that defense was not available on these facts, King could not have been prejudiced by the government's attacks on it.

The defendant also argues that the District Court should not have admitted the government's rebuttal evidence that King had lied on his tax returns. Fed.R.Evid. 404(b) forbids evidence of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." The evidence must instead relate to some other aspect of the crime, such as motive, opportunity, intent, or knowledge. King argues that the only purpose of the government's tax return evidence was to show that he was a liar and had acted in conformity with that character before the grand jury.

The government initially argues that the argument is raised for the first time on appeal, and therefore should not be considered. Defense counsel did not explicitly mention Rule 404(b) in his objection at trial, but he did object before the evidence was admitted and moved to strike it afterward on relevancy grounds. The tax return testimony was plainly evidence of a "prior bad act," and the District Court was sufficiently on notice that a Rule 404(b) issue was involved. To rule that defense counsel had not adequately preserved the issue would elevate form over substance.

■ Turning to the merits, failure to report income on a tax return is so tangentially related to the crime charged that it does not tend to show motive, opportunity, intent, or any other permissible purpose. It is valuable only to impeach King's character and show that he is willing to lie even when not faced with threats from Harvey Bowen. Moreover, in this Circuit "other bad acts" must not only be related to some issue other than the defendant's character, but must be necessary to the government's case. *See U.S. v. Rawle,* 845 F.2d 1244, 1247 (4th Cir.1988); *U.S. v. Greenwood,* 796 F.2d 49, 53 (4th Cir.1986). To be necessary, evidence must either be "an essential part of the crimes on trial" or must furnish "'part of the context of the crime.'" *Rawle,* 845 F.2d at 1247 n. 4 (quoting *U.S. v. Smith,* 446 F.2d 200, 204 (4th Cir.1977)). Testimony about King's tax return was a purely collateral matter that had no relationship to his grand jury testimony except in the forbidden area of King's character.

■ Once again, however, the District Court's error was harmless. As discussed *supra,* King admitted he lied to the grand jury and his defense of duress was insufficient as a matter of law. The evidence of false statements on a tax return disputed only King's claim that he would have told the truth but for the threats from Bowen, and attacks on a legally insufficient claim

cannot be prejudicial. Because neither error prejudiced King, the judgment of the District Court is affirmed.

AFFIRMED.