900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl Eugene LEWIS, Defendant-Appellant.
 No. 89-5643.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 12, 1990.
Decided: April 5, 1990.
As Amended May 1, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., United States District Judge. (CR-89-19)
 Thomas Jeffery Keith, Winston-Salem, N.C., for appellant.
 Robert Holt Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Darryl Eugene Lewis appeals from his conviction of possession with intent to distribute of crack cocaine and cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B), and for carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 2
 Lewis, while attending the Dixie Classic Fair in Winston-Salem, North Carolina, was recognized by Winston-Salem police officers. After confirming there was an outstanding warrant for Lewis' arrest, the officers detained Lewis until the officer carrying the warrant arrived, at which point they read Lewis the warrant and explained they would take him to the clerk's office for a bond hearing. Preparatory to placing Lewis in the police car, Officer Heflin conducted a pat-down and found a loaded .25 caliber pistol secreted in a cuff of Lewis' trousers. Lewis was then thoroughly searched and a knife bearing white powder, cocaine in aluminum packets, and "rocks" of crack cocaine were found in various pockets of his clothing. He was convicted after a jury trial and sentenced to terms of 120 months and five years on the possession and firearm counts, respectively, plus terms of supervised release on each count and a special assessment.
 
 
 3
 On appeal, Lewis contends that, although the arrest warrant was facially valid, the process resulted from an invalid state criminal sentence and, therefore, the search violated his fourth amendment rights. He also contends that he carried the pistol for self-defense, and therefore the court erred in denying an instruction on his theory of duress and similarly erred in denying his motion for acquittal on the firearm charge.
 
 
 4
 At the core of Lewis' first argument is the fact that the outstanding warrant for his arrest stemmed from his failure to pay fines imposed as part of a sentence for a prior conviction in state court. Lewis contends that that sentence was invalid since the state trial court had imposed fines which were impossible for him to pay because the court had simultaneously imposed a jail sentence. Therefore Lewis urges the evidence discovered in the course of executing the warrant should be excluded as "fruit of the poisonous tree." There is no merit to this argument. Even were the state conviction properly attacked, Lewis concedes that the arrest warrant was facially valid. On the basis of that validity, the officers executed the warrant in good faith and the search is therefore valid under the Leon doctrine. United States v. Leon, 468 U.S. 897, 922-23 (1984).
 
 
 5
 Lewis' contention concerning duress is patently without merit. A duress defense must be based on a showing that an offender believed his actions were necessary to avoid an imminently threatened harm and that there was no other adequate means to avoid the harm. The duress must have been "present and immediate and in operation at the time of the acts," and there must have been no reasonable opportunity for the defendant to escape the duress. Modern Federal Jury Instructions Sec. 8.06 (1989); United States v. King, 879 F.2d 137, 138-39 (4th Cir.), cert. denied, 110 S.Ct. 257 (1989). Lewis' mother testified that approximately a month prior to the incident involved in this appeal one of her other sons was murdered and that she had received threats against their whole family. Both his mother and Lewis testified that Mrs. Lewis had advised Lewis of these threats. He claims this as his reason for carrying the .25 caliber pistol rolled up in his pants cuff. That evidence was simply insufficient to warrant a duress instruction.
 
 
 6
 Relying again on his testimony that the pistol was for his protection against the persons who had threatened his family, Lewis contends the court erred in denying his Rule 29 motion because the government demonstrated no nexus between carrying the pistol and his drug activities. Again, this contention is without merit. Title 18 U.S.C. Sec. 924(c)(1) provides criminal penalties for any person who uses or carries a firearm during commission of a federal drug trafficking crime. The jury found Lewis guilty of a drug trafficking crime,* and the evidence is undisputed that Lewis carried a gun at the time he possessed the drugs.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.
 
 
 8
 In view of the above, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 Cf. United States v. James, 834 F.2d 92 (1987) (holding that possession with intent to distribute is a drug trafficking crime)