37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard CHRISTIAN, a/k/a Chase, Defendant-Appellant.
 No. 94-5126.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 13, 1994.
Decided Oct. 12, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CR-92-370)
 Robert T. Durkin, Jr., Baltimore, MD, for appellant.
 Lynne A. Battaglia, U.S. Atty., Thomas M. DiBiagio, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before HAMILTON and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bernard Christian appeals his conviction of conspiracy to travel in interstate commerce to commit a murder for hire in violation of 18 U.S.C. Sec. 371 (1988), 18 U.S.C.A.1958 (West Supp.1994) (Count I); travel in interstate commerce to commit a murder for hire in violation of 18 U.S.C.A. Sec. 1958 (Count II); and use of and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1994) (Count III). For the reasons stated below, we affirm.
 
 
 2
 Members of the Baltimore Police Department stopped Christian when he departed a train that originated in New York City. During the course of the stop, Christian consented to a search of the bag he had been carrying. Upon finding two fully loaded semi-automatic 9mm handguns and an extra clip of ammunition in the bag, the officers arrested Christian. After being placed in a holding cell at the train station, Christian informed the officers that he wanted to cooperate with them.
 
 
 3
 He explained that he was involved with a scheme to murder two Baltimore men. He stated that he brought the weapons to Baltimore for Steve Cox, but the "trigger men" were two Jamaican males, Calvin Deaire and Floyd Sinclair. Christian identified Steven Cox and Mario Martinez as two "enforcers" for a New York drug dealer, Emmanuel Umegbolu. Christian stated that Deaire and Sinclair drove from New York to Baltimore with Cox and Martinez. Umegbolu had ordered the killings of the two Baltimore men because of drug dealings. According to Christian, in exchange for his involvement in the murder conspiracy, Cox agreed to forgive a previous drug debt owed by Christian to Cox. Cox also promised Christian an unspecified amount of additional money from the anticipated crimes.
 
 
 4
 Subsequently, the Drug Enforcement Administration (DEA), in cooperation with the Baltimore City Police Department, placed Christian in a Baltimore hotel room under video and audio monitoring by the DEA. Surveillance agents observed Cox, Martinez, Calvin and Sinclair arrive at the hotel in a white mini-van. The surveillance officers recorded Christian, Cox, and Martinez planning the murders. The authorities subsequently arrested the aforementioned individuals as well as Thomas Faulkner, a local drug dealer who was to identify the murder targets.
 
 
 5
 A grand jury indicted Christian and charged him with conspiracy to travel in interstate commerce to commit a murder for hire (Count I) travel in interstate commerce to commit a murder for hire (Count II); and use of and carrying a firearm in connection with a drug trafficking crime (Count III). Christian signed a plea agreement with the Government wherein he agreed to plead guilty and incriminate his former colleagues. The Government, however, abrogated the agreement after Christian conceded that he had lied during a proffer session. The grand jury subsequently returned a superseding indictment against Christian charging him with the identical offenses as asserted in the original indictment but adding the overt acts of the conspiracy charged in Count I.
 
 
 6
 At Christian's trial, the court allowed him to present evidence on the duress defense. Christian testified that he became involved in the murder conspiracy because he thought Cox would harm him if he refused. At the close of all the evidence, Christian requested that the district court instruct the jury on the defense of duress. From the bench, the district court orally denied Christian's motion on the ground that the evidence was legally insufficient to establish a duress defense. The jury found Christian guilty of all the charges. The district court subsequently substituted a written opinion for its oral ruling denying Christian's motion. The court sentenced Christian to thirty-seven months on Count I, sixty months consecutive on Count II, and sixty months consecutive in Count III. Christian appealed.
 
 
 7
 On appeal, Christian claims that the district court erred in refusing his requested jury instruction on the duress defense. The refusal to give a proffered instruction is reviewed for an abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992).
 
 
 8
 Duress is an affirmative defense and presents a question of law as to whether the proffered evidence makes out the defense. United States v. Sarno, 24 F.3d 618, 621 (4th Cir.1994). In order to establish a claim of duress, the defendant must show that: (1) he acted under an immediate threat of serious bodily injury; (2) he had a well grounded belief that the threat would be carried out; and (3) he had no reasonable opportunity to avoid violating the law and the threatened harm. United States v. Bailey, 444 U.S. 394, 410-15 (1980); United States v. Neal, 990 F.2d 355, 358-59 (8th Cir.1993); United States v. Stevens, 985 F.2d 1175, 1181 (2d Cir.1993); United States v. Amparo, 961 F.2d 288, 291 (1st Cir.1992); United States v. Tanner, 941 F.2d 574, 587 (7th Cir.1991); United States v. King, 879 F.2d 137, 138-39 (4th Cir.), cert. denied, 493 U.S. 900 (1989). A defendant has the burden of establishing sufficient evidence of all three elements of the defense. Bailey, 444 U.S. at 415; Tanner, 941 F.2d at 588. A court may refuse to give a duress instruction if it determines that the proffered evidence is insufficient as a matter of a law. Bailey, 444 U.S. at 414, 416; Sarno, 24 F.3d at 621; Neal, 990 F.2d at 358-59; United States v. Herre, 930 F.2d 836, 838 (11th Cir.1991); Tanner, 941 F.2d at 587-88.
 
 
 9
 The district court did not abuse its discretion in determining that, as a matter of law, Christian did not proffer sufficient evidence of all three elements of the duress defense to warrant a jury instruction.
 
 
 10
 First, the district court did not abuse its discretion in determining that Cox failed to produce sufficient evidence to establish an immediate threat. Cox did not expressly threaten to kill or seriously injure Christian. At most, Christian demonstrated that Cox impliedly threatened him. He did not, however, show that he was acting under an immediate threat of death or serious bodily injury. Although he testified that Cox had previously shot him in the leg, Christian did not testify that he felt an immediate threat because Cox had the means of hurting him at that moment. Thus, he failed to establish the first element of the test, imminent threat of bodily harm. King, 879 F.2d at 138-39.
 
 
 11
 Second, the district court did not abuse its discretion in determining that Cox failed to produce sufficient evidence to establish that he was acting under a well-grounded belief that the threat would be executed. Christian testified that on numerous occasions, Cox would try to recruit him into criminal projects and Christian would consistently decline. Christian, however, did not testify that Cox harmed him because of his refusals to participate in criminal projects. Therefore, the court correctly determined that Christian failed to establish the second element of the duress defense, a well-grounded belief that a threat, if it existed, would be carried out. Tanner, 941 F.2d at 587-88.
 
 
 12
 Finally, the district court did not abuse its discretion in determining that Christian failed to produce sufficient evidence to establish that he did not have any reasonable opportunities to escape the alleged threatened harm or contact the authorities. Although he testified that his attempt to contact an FBI agent was a failure because her office had moved, he could have called the main FBI number to locate her or another agent. He could have also contacted another law enforcement agency while he was still in New York. Even if Christian was acting under the belief that law enforcement in New York was corrupt, he could have attempted to contact the authorities upon his arrival in Baltimore. Christian, testified, however, that when he arrived in Baltimore, he had no intention of contacting law enforcement authorities and that he fully intended to perform the task assigned to him by Cox. He further opined that if had not been stopped by the police in Baltimore, the two murders would have most likely taken place. Thus, as the district court found, Christian's evidence was insufficient as a matter of law to establish the third element, opportunity to escape the threat or contact the authorities. Bailey, 444 U.S. at 409-15; Sarno, 24 F.3d at 621.
 
 
 13
 Because Christian failed to carry his burden on any of the three necessary elements of the duress defense, he was not entitled to the instruction he sought. Amparo, 961 F.2d at 291; Tanner, 941 F.2d at 588. Therefore, we affirm Christian's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.