51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. TAYLOR, Sr., Defendant-Appellant.
 No. 94-5358.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1995.
Decided March 29, 1995.
 
 ARGUED: John C. Jones, Jr., HYDRICK LAW OFFICES, Quinton, VA, for appellant. N. George Metcalf, Assistant United States Attorney, Richmond, VA, for appellee. ON BRIEF: Helen F. Fahey, United States Attorney, Richmond, VA, for appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert L. Taylor, Sr., was convicted in the district court of possession of an illegally manufactured silencer, failure to register a firearm, and failure to pay taxes on a firearm in violation of 26 U.S.C. Sec. 5861(c), (d), and (f). We affirm.
 
 
 2
 * Taylor claims the district court erred when it denied his motion under Fed.R.Crim.P. 17(b) to subpoena witnesses from the state of Washington who were to testify concerning his defense of duress. Of the four witnesses Taylor requested, two did testify. Linda Ann Taylor, Taylor's wife, testified that Robert Taylor, Jr., had told her his car had been shot at and his daughter nearly hit and that he was "totally panicked" on the telephone. Hazel Laney, Taylor's mother, testified that Robert Taylor, Jr., had called her several times and said that if he did not reach Robert Taylor, Sr., his granddaughter would be in danger. Robert Taylor, Sr., testified that his son requested his help providing weapons to drug gangs in order to protect the younger Taylor's daughter. Robert Taylor, Jr., testified that he had never asked anyone for help protecting his daughter.
 
 
 3
 Upon application by a defendant, a district court shall order that subpoenas issue "upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense." Fed.R.Crim.P. 17(b). Here, two of the four witnesses requested testified on behalf of Taylor at trial. Taylor made no showing of the proposed testimony of the other two witnesses. He did not assert that the witnesses had firsthand knowledge of events or that their testimony would not be cumulative to that of himself, his wife, and his mother. The district court exercised sound discretion in denying Taylor's motion. See United States v. Espinoza, 641 F.2d 153, 159 (4th Cir.1981).
 
 II
 
 4
 Taylor next claims the district court erred in refusing to instruct the jury on his defense of duress.
 
 
 5
 A court may refuse to instruct the jury on a defense if the defendant has presented insufficient evidence as a matter of law to support that defense. United States v. Sarno, 24 F.3d 618, 621 (4th Cir.1994). We review the district court's decision for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992). To establish a defense of duress, a defendant must show that he acted under a reasonable fear of an immediate threat of bodily harm and that he had no reasonable choice but to commit the illegal act. United States v. King, 879 F.2d 137, 139 (4th Cir.1989).
 
 
 6
 Taylor based his defense on threats to his granddaughter. He presented no evidence, however, that he reasonably feared for her safety or that he was unable to contact the police in Virginia to protect her. He first went to Virginia six months after learning a shot had been fired at his granddaughter. He did not even try to locate her on his second trip to Virginia. The district court acted within its discretion in refusing to instruct the jury on Taylor's duress defense.
 
 III
 
 7
 Taylor assigns two errors in sentencing. He argues that the district court should have adjusted his offense level downward by two points for acceptance of responsibility under United States Sentencing Guidelines Sec. 3E1.1. He points out that he initially offered to plead guilty in the Eastern District of Washington. The Washington district court was reluctant to accept the plea and advised Taylor to reconsider. The United States Attorney in Washington then refused to accept the transfer of the case from Virginia. In Virginia, Taylor pleaded not guilty and denied culpability at trial.
 
 
 8
 A court's refusal to grant a downward adjustment is reversible only if clearly erroneous. See United States v. White, 875 F.2d 427, 431 (4th Cir.1989). After reviewing the record, we agree with the district court that Taylor did not accept responsibility for his crimes.
 
 
 9
 Taylor claims the district court should have granted a downward departure under the guidelines.
 
 
 10
 Under circumstances indicating that the defendant acted under coercion or duress, "the court may decrease the sentence below the applicable guideline range." USSG Sec. 5K2.12. Refusals to depart downward from the applicable guideline range are not reviewable unless the district court mistakenly believed it lacked the authority to depart downward. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.1990). Such was not the case here.
 
 
 11
 AFFIRMED.