UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5778

TIMOTHY DWAYNE BAILEY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 94-5807

TIMOTHY DWAYNE BAILEY,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-94-21-L)

Submitted: January 30, 1996

Decided: February 14, 1996

Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant.

Lynne A. Battaglia, United States Attorney, Carmina S. Hughes, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Dwayne Bailey was convicted by a jury of bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1995). He was sentenced to a term of 78 months, a downward departure from the applicable career offender[1] guideline range of 210-240 months. Bailey appeals his conviction on the ground that the district court failed to give his requested jury instruction on duress. He also appeals his sentence, contending that the district court erred in finding that he was a career offender, in failing to make findings on acceptance of responsibility, USSG § 3E1.1, and in refusing to depart on the ground of duress. USSG § 5K2.0. The government appeals the district court's decision to depart below the career offender guideline. For the reasons discussed below, we affirm the conviction and sentence.

Timothy Bailey robbed a bank in Baltimore, Maryland, by presenting a teller with a demand note written on a brown paper bag. The note said: "Give this man $20,000 unmarked bills. You are being watched so that means you are responsible for everyone's lives in the bank. P.S., don't report until 3:00 o'clock p.m. We are pros on the job. The Crypts." A policewoman in uniform happened to be in the bank at the time, and she arrested Bailey before he went out the door. A note written on a green envelope was found near the spot where Bailey was arrested. It said, "Please do what they say." A hypodermic needle was found in Bailey's pocket after the arrest. At this point, Bailey said he was sick and needed help.

_____

[1] United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1993).

2

At his trial, Bailey testified that he had been laid off from his job two weeks before the robbery and, as a result, was unable to pay the money he owed to two drug dealers named Mike and Antoine from whom he bought heroin daily. Bailey testified that Mike told him he would have to rob a bank to get the money and dictated a demand note which Bailey wrote on the paper bag. Bailey said he was afraid that he would be killed if he did not follow Mike's directions because Mike and Antoine were enforcers who carried firearms and were known to beat people with bats. However, he testified that they did not explicitly threaten to kill him. Bailey said he wrote the second note on a green envelope before he went up to the teller, but he remembered having written, "Please help," rather than "Please do what they say."

Bailey testified that he noticed the policewoman while he was writing the second note. He said he did not approach her because he did not want to be known as a snitch. However, he said that after his arrest he thanked the officer for helping him. After extended argument, the district court denied Bailey's motion for an instruction on duress.

Following Bailey's conviction, the probation officer recommended that he be sentenced as a career offender because he had two prior felony convictions for crimes of violence. At the sentencing hearing, the principal issue was Bailey's status as a career offender. Bailey argued that the state court docket sheet describing his prior conviction for attempted robbery with a deadly weapon (ATRDW) was not sufficiently reliable evidence of that conviction because the facts preserved with the docket entry did not reflect attempted robbery with a deadly weapon.[2] The facts described were that, while Bailey and the victim were being transported in a police van, Bailey said to the victim, "I'm in for murder. I have nothing to lose." He then sat on the victim's lap and took $2.66 and a pack of cigarettes from the victim's pocket. Bailey did not testify about the conviction, representing through counsel that he did not remember what his offense was.

The district court at length found that the state court record established Bailey's ATRDW conviction as a crime of violence despite the

_____

[2] The factual basis for the conviction apparently came from police files.

absence of a weapon in the facts recorded and that, therefore, he qualified as a career offender. The court declined to depart for duress. However, the court departed under USSG § 5K2.0 to the guideline range which would apply without the career offender enhancement because (1) the predicate convictions were both old, (2) the record of the attempted robbery conviction was confused, (3) Bailey had no convictions since 1985, (4) the instant offense was not violent, and (5) he had a record of employment. Based on these factors, the court found that Bailey should not be sentenced as a career offender. The court imposed sentence at the top of the guideline range of 63-78 months.

On appeal, Bailey first challenges the denial of his requested jury instruction on duress. A defendant may raise the affirmative defense of duress by presenting evidence that he acted because of a well-grounded fear of immediate death or serious injury and that he had no reasonable opportunity to avoid the threatened harm except by committing the crime. United States v. Neal, 990 F.2d 355, 359 (8th Cir. 1993); United States v. King, 879 F.2d 137, 139 (4th Cir.), cert. denied, 493 U.S. 900 (1989). However, if the evidence is insufficient as a matter of law to support one of the elements of the defense, the district court may refuse to give the instruction. United States v. Bailey, 444 U.S. 394, 413 (1980); United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994).

The district court found that Bailey had a reasonable opportunity to avoid any threatened harm by means other than robbing the bank but failed to take advantage of the presence of the policewoman. Moreover, the court found that Bailey did not believe he was in immediate danger of being killed should he fail to commit the robbery. A generalized fear is not sufficient. United States v. Stevens, 985 F.2d 1175, 1182 (2d Cir. 1993). The evidence of duress was insufficient as a matter of law and, therefore, the district court did not err in refusing to give the requested instruction.

The remaining issues concern Bailey's sentencing. We find first that the district court correctly determined that Bailey was a career offender. The state court record showing Bailey's conviction for attempted robbery with a deadly weapon was sufficient to establish the fact of his conviction and thus to make him a career offender.

4

Under United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991), cert. denied, 504 U.S. 951 (1992), a categorical or legal approach rather than a factual inquiry is used in determining whether a prior offense is a crime of violence. Attempted robbery with a deadly weapon, by definition, is a crime of violence. USSG§ 4B1.2, comment. (nn.1-2).

The district court's decision not to depart downward on the ground of duress is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). We find that Bailey abandoned the issue of acceptance of responsibility by failing to raise the issue and instead informing the district court that there were no problems with the presentence report other than the career offender recommendation.

Finally, the government maintains in its cross-appeal that the district court erred in departing to the guideline range which would have applied if Bailey had not been a career offender. A downward departure is reviewed under the four-part test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991). The district court's identification of a mitigating circumstance which was not adequately considered under the guidelines is reviewed de novo. Its factual finding that the circumstance is present in the case is reviewed for clear error. Next, the court's decision that the factor is of sufficient importance that a departure should result is reviewed under an abuse of discretion standard, as is its decision concerning the extent of the departure.

The government argues that all the factors cited as a basis for the departure were considered by the Sentencing Commission. However, a departure from the career offender guideline range is permissible under USSG § 4A1.3, p.s. if the district court finds that career offender status overstates the seriousness of the defendant's past criminal conduct. United States v. Adkins, 937 F.2d 947, 952 (4th Cir. 1991). Although the district court stated that the departure was pursuant to USSG § 5K2.0, the court's stated reasons for the departure clearly focus on overstatement of the seriousness of Bailey's past conduct, a permissible ground for departure.

We cannot say that the district court clearly erred in finding that career offender status overstated Bailey's criminal history. Since

5

1985, Bailey had absconded from parole supervision in New Jersey and used drugs, but had no new convictions. He had worked, although only sporadically, as a sheet metal worker. The district court expressed misgiving about adding ten years to Bailey's sentence based on a state court record that was incomplete or garbled in some way and could not be clarified. The age of Bailey's predicate convictions combined with the questionable factual basis contained in the state record for the attempted robbery conviction support the district court's decision.

Finally, the decision to depart and the extent of the departure were not an abuse of discretion. In departing downward under § 4A1.3, the proper procedure is to "use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." USSG § 4A1.3; United States v. Summers, 893 F.2d 63, 68 (4th Cir. 1990). The court used the guideline that would have applied had Bailey not been a career offender and sentenced him at the top of that range.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6