**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4920

JEFFREY SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-263)

Submitted: May 19, 1998

Decided: June 5, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Marlene M.
Wahowiak, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Smith appeals his conviction and sentence for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 (1994), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(l) (1994), introduction of marijuana into a penal institution in violation of 22 D.C. Code Ann.§ 2603 (1996) and 18 U.S.C. § 2 (1994), and possession of marijuana in violation of 18 U.S.C.A. § 13 (West 1994 & Supp. 1998), assimilating Va. Code Ann. § 53.1-203(6) (Michie 1994). On appeal, Smith claims that the trial court erred in not allowing him to "assert the defense of duress" and in not granting a downward departure at sentencing. Finding no error, we affirm.

The trial court, after determining that Smith as a matter of law had not established a duress defense, stated that it would not be giving a duress instruction. Smith then waived a jury trial, and the court found him guilty on all counts. Smith now claims that the district court erred in refusing his duress instruction.

We review de novo Smith's claim that the district court erred in refusing to give his proffered instruction. See United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995). To establish a defense of duress, a defendant must show the following: (1) that he acted under an immediate threat of serious bodily injury; (2) that he had a well-grounded belief that the threat would be carried out; and (3) that he had no reasonable opportunity to avoid violating the law and the threatened harm. See United States v. King, 879 F.2d 137, 139 (4th Cir. 1989).

We find that the district court did not err in determining, as a matter of law, that Smith did not proffer sufficient evidence of the elements of the duress defense to warrant a jury instruction. First, the

2

record, including Smith's testimony, indicates that at least a day passed between the alleged threat and the drug possession. This and other evidence leads us to conclude that the district court did not err in determining that Smith failed to establish that any alleged threat of serious bodily injury was imminent.* Additionally, the record indicates that Smith had more than a reasonable amount of time to escape death or serious bodily injury or to notify the authorities and request segregation. Therefore, because Smith failed to establish that he was entitled to the duress defense, we conclude that the district court did not err in deciding not to give the duress defense instruction.

Next, Smith contends that the district court erred in refusing to grant a downward departure based on his claim of duress and his status as a deportable alien. Smith's counsel argued for a departure on these bases at sentencing, and the court denied the request finding that Smith did not demonstrate sufficient justification.

The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood , 970 F.2d 1336, 1338 (4th Cir. 1992). The record reflects that the district court was aware of its authority to depart but chose not to depart after considering the arguments of counsel for both parties. Therefore, Smith's sentence within the guidelines range is not reviewable. See Underwood, 970 F.2d at 1338.

Accordingly, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*The case of United States v. Riffe, 28 F.3d 565 (6th Cir. 1994), upon which Smith relies, does not address this prong of the test. It only found that the district court erred by applying as a per se rule the requirement that the prisoner seek protection from prison officials. Id. at 569.

3