**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4460

ANGELA BETH MORTON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-131)

Submitted: July 7, 1998

Decided: July 22, 1998

Before NIEMEYER, LUTTIG, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Cagle, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Stephen W. Haynie, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Angela Beth Morton appeals from her conviction for aiding and abetting the possession with intent to distribute cocaine base (crack). On appeal, she argues that the evidence was insufficient to support her conviction and that the district court erred by refusing to instruct the jury regarding duress. For the reasons that follow, we affirm.

Morton alleges that there was insufficient evidence of possession. We disagree. The facts reveal that Morton, a nurse employed by a West Virginia correctional institution, agreed to supply crack cocaine to an inmate in exchange for Valium. The inmate, who was cooperating with the authorities, gave Morton's phone number to an undercover officer who contacted Morton. In two subsequent telephone conversations on August 6 and 7, 1996, the officer and Morton negotiated the terms of a drug deal in which Morton would receive a certain amount of Valium in exchange for delivering some crack cocaine to the prison. Morton traveled to the arranged delivery site with her husband driving their vehicle. While Morton and her husband remained seated in the vehicle, the undercover officer spoke with them for approximately five minutes and then showed and gave the Valium and crack to Morton. Minutes later when the officers identified themselves, the drugs were found in between the front seats. Reviewing the evidence in the light most favorable to the prosecution as we are required, we find the element of possession is supported by substantial evidence and thus the jury's verdict must be sustained. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Next, Morton claims that the district court erred in refusing her requested jury instruction on the defense of duress. The refusal to give a proffered instruction is reviewed for an abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). Duress is an affirmative defense and presents a question of law as to whether the proffered evidence makes out the defense. See United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994). In order to establish a claim of duress, the defendant must show that: (1) she acted under an immediate threat of serious bodily injury; (2) she had a well-grounded belief that the threat would be carried out; and (3) she had

2

no reasonable opportunity to avoid violating the law and the threatened harm. See United States v. King, 879 F.2d 137, 138-39 (4th Cir. 1989). A defendant has the burden of establishing sufficient evidence of the defense to warrant its submission of the claim to the jury. See id.

Morton argues that the inmate involved coerced her into delivering drugs. She testified at trial that he threatened her and her family, grabbed her by the hair and tried to sexually assault her during two encounters on August 6, 1996, at the penitentiary's infirmary. We find no error by the district court. First, Morton's interactions with the inmate occurred on August 6 two days prior to the drug delivery on August 8. Morton did not go to work on August 7 or August 8. Further, taped conversations between Morton and the undercover officer reveal that she picked the time and place for the delivery and declined the officer's offer to complete the transaction on August 7, because she had scheduled a tattoo appointment. We find Morton had time to avoid any coercion or duress the inmate may have created,* see id., and therefore the trial court did not err in refusing to instruct the jury on the defense of duress. See Sarno, 24 F.3d at 621.

Finally, the district court did issue instructions to the jury on battered woman's syndrome and entrapment, with regard to the conduct of Morton's husband and the undercover officer involved. To the extent Morton raises the issue, we find that she has failed to establish that the actions of her husband or the police amounted to duress.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*After being arrested, Morton admitted that she wanted the Valium badly enough to smuggle crack cocaine into the penitentiary, as requested by the inmate.

3