UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4253

ARLIN EDWARD RANEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-96-8)

Submitted: September 15, 1998

Decided: October 13, 1998

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Edward Riley, IV, BOONE, BEALE, COSBY & LONG, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, N. George Metcalf, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arlin Raney appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of escape in violation of 18 U.S.C. § 751 (1994). On appeal, Raney's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the district court erred by refusing to permit Raney to submit a duress defense to the escape charge, and further erred by departing upward from the applicable guideline range established by the Sentencing Guidelines in sentencing Raney to a term of 48 months incarceration. Raney was informed of his right to file an informal brief, and has filed a brief raising additional arguments relating to these issues, as well arguments concerning his rights to counsel and the competency of the trial judge.

Whether the affirmative defense of duress is established is a factual issue which is usually determined by a jury. See United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994). Where, however, there is insufficient evidence as a matter of law to support an element of the defense, the trial judge may refuse to permit the defendant to present the defense to the jury. Id. To establish duress, the defendant must show that he acted under a reasonable fear of an imminent threat of bodily harm and that he had no reasonable choice but to commit the illegal act. See United States v. King, 879 F.2d 137, 139 (4th Cir. 1989).

In this case, Raney maintained that he walked off of the grounds of the Federal Correctional Institute in Petersburg, Virginia, because he was under a "state of mind" which caused him to believe that he needed to protect his children from his wife. He did not allege that his children were in any danger of physical harm, but that his wife was harming his children through her handling of the family finances. He did not allege that he personally was in any danger of harm, much less imminent harm, or that he had no alternative means of resolving his problems with his wife. Under these circumstances, we hold that the district court properly found that Raney could not establish duress as a matter of law, and properly refused to permit Raney to present this defense to the jury.

Raney also challenges his sentence on appeal. He was sentenced pursuant to the applicable guideline for a violation of § 751. See United States Sentencing Guidelines Manual § 2P1.1 (1995). His applicable base offense level was 13. Taken together with his criminal history category of III, Raney's guideline range was 18-24 months. See U.S.S.G. Ch.5, Pt.A. The trial judge, however, was very concerned about Raney's psychological state; specifically, about the danger Raney posed to his wife, based on evidence that Raney escaped in order to harm his wife. The presentence report advised that the court might wish to consider departing upward from the guideline range in view of the purpose of Raney's escape.

Only days prior to his escape, Raney wrote a letter to one of his children apologizing in advance for anything he might have to do to the child's mother that might hurt the child. Prior to sentencing, the court ordered a psychological study of Raney pursuant to 18 U.S.C.A. § 3552(c) (West 1994 & Supp. 1998), and 18 U.S.C. § 4244 (West 1994 & Supp. 1998). The reports that followed Raney's examination convinced the trial judge that Raney escaped to harm his wife, and was still obsessed with thoughts of harming his wife. The court therefore departed upward from the guideline range of 18 to 24 months and sentenced Raney to 48 months incarceration.

We review decisions to depart for abuse of discretion. See Koon v. United States, 116 S. Ct. 2035, 2043 (1996). If a factor is one upon which the Sentencing Commission encourages departure, and that factor is not taken into account by the applicable guideline, a court may exercise its discretion and depart on that basis. Id. at 2045. The guidelines encourage departure where an offense is committed in order to facilitate the commission of another offense. See U.S.S.G. § 5K2.9. Examination of the escape guideline does not reflect that this factor has already been taken into account by the guideline. See U.S.S.G. § 2P1.1. Accordingly, we find that the court did not err in departing upward on this basis.

While Raney's counsel contends that the district court erred by ordering the psychological evaluation which provided a partial basis for the court's decision to depart upward without giving Raney appropriate notice of the evaluation, he cites no authority requiring such notice. Sections 3552 and 4244 permit the court to order psychologi-

cal exams on the court's own motion. In any event, however, the court informed Raney at his initial sentencing hearing that the court was going to order the examination. The court also explained the reasons for the examination and stated that after the examination, the court would pronounce Raney's final sentence. Hence, we conclude that Raney received adequate notice of the examination and its purpose.

We decline to address the specific arguments raised in Raney's supplemental brief because they are patently without merit. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Raney's conviction and sentence. Hence, the Government's motion for "summary disposition" is moot. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED