UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4218

DAVID IVORY AUSTIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-98-469)

Submitted: September 29, 2000

Decided: October 17, 2000

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF
THE UNITED STATES ATTORNEY, Florence, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted David Ivory Austin of two counts of possession with intent to distribute and distribution of crack cocaine.[1] He was sentenced to 210 months on each count, to run concurrently, followed by three years of supervised release. Austin's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), alleging that: (1) the district court erred by allowing Austin to release court-appointed counsel and represent himself; (2) the district court should have allowed counsel to cross-examine a Government witness after Austin ceased self-representation; (3) he was entitled to a judgment of acquittal pursuant to Fed. R. Crim. P. 29; (4) the court erred by not allowing Austin to testify in surrebuttal; (5) the court erred by classifying Austin as a career offender; and (6) Austin was entitled to a downward departure based on overstatement of his criminal history and diminished capacity. Austin filed a pro se supplemental brief alleging that his sentence is illegal in light of the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); that he was the victim of prosecutorial misconduct; and that 21 U.S.C.A. § 841(a)(1) (West 1999) is unconstitutional in light of Apprendi. Finding no reversible error, we affirm.

The basic facts of this case are relatively straightforward. Austin was arrested after he sold crack cocaine to a confidential informant on two occasions.[2] Police observed the transactions and recorded them via a body wire concealed on the informant. Austin's defense at trial was based on his testimony that the informant sold the drugs to him, instead of the other way around.

On the day of trial, the district court ruled on Austin's motion to relieve court-appointed counsel. The court initially denied the motion, but then reconsidered its decision and, after lengthy discussions with Austin and counsel, granted the motion. The court granted Austin's

_____

[1] See 21 U.S.C.A. § 841(a)(1) (West 1999).
[2] A total of approximately 2.5 grams of crack cocaine was attributed to Austin as a result of these transactions.

2

request for counsel to remain in a standby position. After cross-examining the Government's first witness, Austin changed his mind and asked the court to allow counsel to take over the case. The court granted Austin's request, and counsel represented him for the remainder of the trial.

We review the district court's decision to allow Austin to waive attorney representation de novo and find no error. See United States v. Singleton, 107 F.3d 1091, 1097 (4th Cir. 1997). The record shows that Austin insisted on representing himself, despite the court advising him in great depth on the advantages of having counsel. In addition, the district court's extensive discussion with Austin established that his waiver was knowing, voluntary, and intelligent.

We review the district court's decision to limit cross-examination for an abuse of discretion and find none. See United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994). After Austin ceased his self-representation, counsel asked to resume cross-examination of the Government's witness, but the court denied the request. The court properly found that this type of hybrid representation is generally disfavored. Moreover, Austin has failed to show any prejudice from the court's decision because he could have presented any additional evidence during his own testimony or by re-calling the witness during the defense case-in-chief.

The standard of review for deciding a Rule 29 motion is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). In determining the issue of substantial evidence, we neither weigh the evidence nor consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

In the present case, both the investigating officer and the informant testified that Austin sold crack cocaine to the informant. There was also a tape recording of the transactions which was played for the jury. Although Austin testified that it was the informant who sold the drugs to him, the jury resolved this credibility issue in the Government's favor. As a result, we find that there was substantial evidence

3

to support the jury's verdict, and the district court properly denied Austin's Rule 29 motion.

We review the district court's denial of Austin's request to offer surrebuttal evidence for an abuse of discretion and find none. See United States v. King, 879 F.2d 137, 138 (4th Cir. 1989). It is well-settled that surrebuttal evidence is admissible if it is in response to any new matter brought up during rebuttal. See id. In the present case, the rebuttal testimony was offered in response to Austin's testimony concerning certain interviews with officers. No new matters were raised. In addition, it appears from the record that the proposed surre-buttal testimony was simply a repeat of Austin's original testimony.

We reject Austin's challenges to his sentence. Austin was sen-tenced as a career offender pursuant to USSG § 4B1.1.**3** Contrary to Austin's allegations, the district court properly found that his prior convictions occurred on separate dates, in different jurisdictions, and were separated by an intervening arrest. See USSG § 4A1.2, com-ment. (n.3). Therefore, the district court did not clearly err by finding them unrelated. See United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999), cert. denied, 120 S. Ct. 1968 (2000). Our review of the record shows that the district court recognized its authority to grant Austin's motion for a downward departure, but declined to do so. As a result, its decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990).

We have considered the effect of Apprendi and find that, because Austin received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000). Likewise, we find nothing in Apprendi that renders § 841 unconstitutional. Finally, we find no evidence in the record to support Austin's speculative claims of prosecutorial misconduct.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal.

_____

**3** U.S. Sentencing Guidelines Manual (1998).

4

The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Austin's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5