**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4039

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL POPOCA-ANSELMO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-03-37-F)

Submitted:  September 3, 2004          Decided:  October 6, 2004

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Manuel Popoca-Anselmo appeals his conviction for illegal reentry into the United States following deportation, in violation of 18 U.S.C. §§ 1326(a), (b)(2) (2000).

Popoca-Anselmo's sole contention on appeal is that the district court erred by refusing to instruct the jury on the defense of duress. Popoca-Anselmo asserts that he returned to this country, albeit without permission, to avoid death threats made against him in his native country of Mexico. This court reviews de novo a district court's decision not to instruct a jury on a defendant's theory of a case. United States v. Singh, 54 F.3d 1182, 1189 (4th Cir. 1995). Where there is insufficient evidence, as a matter of law, to support an element of the affirmative defense, the defendant can be precluded from presenting any evidence of duress to the jury. United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994).

In order to establish a claim of duress, the defendant must show that: (1) he acted under an immediate threat of serious bodily injury; (2) he had a well-grounded belief that the threat would be carried out; and (3) he had no reasonable opportunity to avoid violating the law and the threatened harm. United States v. Bailey, 444 U.S. 394, 410-15 (1980); United States v. King, 879 F.2d 137, 138-39 (4th Cir. 1989). A defendant has the burden of

establishing sufficient evidence of all three elements of the defense. <u>Bailey</u>, 444 U.S. at 415; <u>Tanner</u>, 941 F.2d at 588.

After careful review of the record, we conclude, as the district court found, that Popoca-Anselmo did not avail himself of reasonable opportunities to avoid violating the law and the threatened harm. <u>Bailey</u>, 444 U.S. at 410-15. Accordingly, we find that Popoca-Anselmo has not met his burden, and the district court properly refused to instruct the jury on the affirmative defense of duress. <u>Id.</u>; <u>Singh</u>, 54 F.3d at 1189. We therefore affirm Popoca-Anselmo's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>