**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4663**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

FLOYD A. LANGLEY,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (CR-03-10124)

---

Submitted:  March 25, 2005                Decided:  May 9, 2005

---

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gregory M. Kallen, Big Stone Gap, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Floyd Langley appeals his conviction in the United States District Court for the Western District of Virginia for aggravated armed robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and (e) (2000). He asserts that the district court erred in denying his motion for judgment of acquittal and abused its discretion in refusing two proffered jury instructions. Finding no merit to his contentions, we affirm his conviction.

On the afternoon of October 31, 2003, Floyd Langley robbed the Peoples Bank branch in Gibson Station, Virginia. He does not dispute the testimony of two bank tellers that he robbed them, forced them by gunpoint into a men's restroom, and blocked the doorway with a table. He contends, however, that his actions did not meet what he characterizes as the abduction requirement of § 2113(e), because he only forced the movement of the tellers over a short distance and claims he did so for their protection. Furthermore, he contends that he robbed the bank out of duress. Specifically, he claims that, two weeks before the robbery, two unidentified men threatened him with the death of his family if he did not comply with their order to rob the bank, which they reinforced with a threatening letter "a few days" before the robbery. Langley testified that he discarded the letter and admitted that he never informed authorities of the alleged threat until a subsequent confession four months after he robbed the bank.

At the conclusion of the Government's case-in-chief, Langley moved for a judgment of acquittal, asserting that the extent to which he forced the tellers' accompaniment did not satisfy § 2113(e). The district court denied the motion and subsequently refused Langley's proffered jury instructions concerning abduction and duress.

We review the denial of a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). We also review questions of statutory interpretation de novo. See United States v. Davis, 98 F.3d 141, 144 (4th Cir. 1996). And we review refusals of proffered jury instructions for an abuse of discretion. See United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999).

Langley's arguments regarding abduction are foreclosed by United States v. Turner, 389 F.3d 111 (4th Cir. 2004), in which we held that a forced accompaniment, regardless of distance traversed or the degree of danger posed, satisfies § 2113. Id. at 120. Moreover, his duress defense is foreclosed by United States v. King, 879 F.2d 137 (4th Cir. 1989), because he did not demonstrate that he "acted under a reasonable fear of an imminent threat of bodily harm and that he had no reasonable choice but to commit the illegal act." Id. at 139 (emphasis in original). Thus, we conclude that the district court did not err in denying Langley's motion for a judgment of acquittal or abuse its discretion in

determining that the proffered jury instructions could not be supported as a matter of law.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -