UNITED STATES of America,
Plaintiff-Appellee,

v.

James Wallace WEEKS, Jr.,
Defendant-Appellant.

No. 83–8233
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 3, 1983.

E. Kontz Bennett, Jr., Waycross, Ga., for defendant-appellant.

William H. McAbee, II, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

James Wallace Weeks, Jr. was convicted in a jury trial of assaulting a federal officer with a deadly weapon. 18 U.S.C.A. §§ 111, 2. On appeal, he claims (1) the evidence is not sufficient to support the jury's finding of sanity at the time the crime was committed, (2) extrinsic evidence regarding stolen motor vehicles was improperly admitted, and (3) the court erred in reopening the evidence to allow the Government to introduce a document. We affirm.

There is no genuine issue as to the fact that defendant knowingly assaulted a federal officer. A federal undercover agent was investigating stolen cars in the south Georgia area. Seeking to meet other associates in the stolen car operations, the agent and Ken Halpin, from whom the agent had purchased stolen vehicles, met with Don Jones, John Foelker, Latan Weeks and James Weeks, Jr. in a car, and went to defendant Weeks' residence and then to his office. During the conversation there Weeks accused the agent of being an agent, and Weeks and Jones brandished weapons and beat both the agent and Halpin. The beatings continued after the agent admitted he was an agent. The agent later escaped.

Weeks first argues that the evidence had to cast a reasonable doubt on his sanity. The parties agree that the applicable standard of insanity is the Model Penal Code standard adopted in *Blake v. United*

*States,* 407 F.2d 908 (5th Cir.1969) (en banc):

A person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

*Id.* at 916; *United States v. Figueroa,* 666 F.2d 1375, 1377 (11th Cir.1982). Weeks called several lay witnesses and two medical witnesses who testified about his unusual behavior and other indicia of mental illness. The Government's medical witness, however, testified:

At the time of the alleged offense, Mr. Weeks was most likely of sufficient mental capacity to appreciate the wrongfulness of his conduct. Also, it is my belief that he most likely had the ability to conform his conduct to the requirement of the law.

This conflict of evidence regarding Weeks' sanity was properly submitted to the jury. *See United States v. Hall,* 583 F.2d 1288, 1294 (5th Cir.1978); *United States v. Fortune,* 513 F.2d 883, 891 (5th Cir.), *cert. denied,* 423 U.S. 1020, 96 S.Ct. 459, 46 L.Ed.2d 393 (1975).

Viewed in the light most favorable to the jury verdict, *Glasser v. United States,* 315 U.S. 60, 80, 67 S.Ct. 457, 49, 86 L.Ed. 680 (1960), the evidence supports the finding that Weeks was sane at the time of the offense. The finding is supported by the testimony of lay witnesses that Weeks was coherent during and immediately after the offense, as well as the testimony of the Government's medical expert. *See Burks v. United States,* 437 U.S. 1, 17 n. 11, 98 S.Ct. 2141, 2150 n. 11, 57 L.Ed.2d 1 (1978) (reviewing court should be especially wary of disturbing jury verdict regarding defendant's sanity); *United States v. Collins,* 690 F.2d 431 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 1447, 75 L.Ed.2d 801 (1982).

■ Weeks contends the trial court abused its discretion by admitting evidence that the agent was investigating stolen motor vehicles at the time of the assault. Evidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, *United States v. Kloock,* 652 F.2d 492, 494 (5th Cir.1981), if it was inextricably intertwined with the evidence regarding the charged offense, *United States v. Killian,* 639 F.2d 206, 211 (5th Cir.1981), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1982), or if it is necessary to complete the story of the crime of trial, *United States v. Wilson,* 578 F.2d 67, 72–73 (5th Cir.1978).

■ In this case, the investigation into stolen vehicles explained the agent's presence with Weeks and his associates, and their animosity towards the agent. The investigation was inextricably linked to the charged offense of assault, was reasonably necessary to complete the story of the crime, and therefore was not extrinsic under Rule 404(b). *See United States v. Bloom,* 538 F.2d 704, 707 (5th Cir.1976), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 814, 50 L.Ed.2d 792 (1977); *Nunez v. United States,* 370 F.2d 538, 539 (5th Cir.1967).

■ After the close of the evidence the court reopened the case over Weeks' objection to allow the Government to introduce its exhibit 18, a medical record concerning liver damage suffered by the agent. The document, the treatment record from which defendant's expert doctor witness had testified, was admitted to correct the impression given by that witness that the agent's liver damage might have been caused by alcoholism. The reopening of a criminal case to allow the introduction of additional evidence is within the sound discretion of the trial court. *United States v. Wilcox,* 450 F.2d 1131, 1143 (5th Cir.), *cert. denied,* 405 U.S. 917, 92 S.Ct. 941, 30 L.Ed.2d 787 (1971). Weeks argues he was prejudiced by the introduction of the report because his medical witness, who had been excused, had no opportunity to explain the document.

Apparently no attempt was made to request the court to recall the witness. There is no indication on this appeal that such a recall would have been helpful to defendant. The trial court did not abuse its discretion in reopening the evidence to admit the medical record.

AFFIRMED.