**UNITED STATES of America,**

v.

**Mark HERRE.**

**No. 89–509–CR.**

United States District Court,
S.D. Florida.

Jan. 25, 1990.

Patricia Fahlbusch, Asst. U.S. Atty., for the U.S.

Jeffrey Swartz, Jay Hershoff, Miami, Fla., for defendant.

## MEMORANDUM ORDER

SCOTT, District Judge.

This cause is before the Court for sentencing of the Defendant Mark Herre. The Defendant was convicted of one count of criminal contempt pursuant to 18 U.S.C. section 401(3) for his failure to testify before the grand jury as ordered by a United States District Judge. The Government had offered Herre use immunity for his testimony. The theory of defense at trial was that Herre's refusal to testify was based on his fear for the safety of himself and his wife. The Government countered that neither the Defendant nor his wife were in any danger and that, in any event, certain protections were offered to them.

Those issues were resolved by the jury's finding of guilt. As to sentencing, the parties disagree on the appropriate base offense level pursuant to the Sentencing Guidelines. Section 2J1.1, Contempt, does not provide a base offense level. Instead, that section refers the Court to section, 2X5.1, Other Offenses.[1] In turn, that guideline directs the Court to "apply the most analogous offense guideline." As the Commission explained:

> Because misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent, the Commission has not provided a specific guideline for this offense. In certain cases, the offense conduct will be sufficiently analogous to section 2J1.2 (Obstruction of Justice) for that guideline to apply.

Guideline 2J1.1, Application Note 1.

The Government contends that the most analogous guideline is section 2J1.2, Ob-

---

1. As amended effective November 1, 1989. The Court's analysis would not differ under Guidelines prior to the amendments. The amendments merely clarified the appropriate application of section 2J1.1.

struction of Justice, whereas the Defendant argues that section 2J1.5, Failure to Appear by Material Witness, is applicable. The base offense level is twelve for Obstruction of Justice and only six for Failure to Appear by Material Witness.[2] Thus, the difference is more than a matter of semantics.

■ In the only published opinion on the issue, the First Circuit, per Judge Breyer,[3] found that section 2J1.5, Failure to Appear by Material Witness, was the most analogous guideline for a contempt conviction on the facts presented. *See United States v. Underwood*, 880 F.2d 612 (1st Cir.1989). While this Court is not inclined to adopt *Underwood* in its totality,[4] we do agree with the First Circuit that this is a fact-sensitive inquiry for the sentencing court. For that reason, we cannot accept Probation's position, with the Government's apparent concurrence, that the Obstruction of Justice provision is *always* the applicable guideline for a contempt conviction.

■ The only conduct by the Defendant at issue in this case is his failure to testify before the grand jury as ordered. The Government has not been able to point to any overt acts designed to obstruct justice beyond his refusal to testify. Nor is there any evidence suggesting that the Defendant actually obstructed justice. The Government argues that "we will never know whether in fact Defendant's conduct did allow any guilty party to go free, or what information Defendant could have supplied that would have assisted in this significant investigation." Government Memorandum at page 3. However, in our view, the Government bears the burden of proof on this issue. If the Government believes that the obstruction of justice guideline applies, then it must, at a minimum, point to specific acts by the Defen-

dant resulting in the obstruction of justice, or otherwise show that the Defendant's conduct was designed to interfere with the administration of justice.[5]

The Government, admittedly, has not met that burden. Therefore, the Court concludes that the most analogous guideline for the Defendant's refusal to testify is section 2J1.5, Failure to Appear by a Material Witness. Accordingly, the base offense level is six. The Defendant's criminal history category is II, resulting in a guideline range of one to seven months.

■ The Defendant further asserts that he should be given credit for the time that he has already served on the civil contempt order. The Defendant cites no authority for this proposition, but states that the decision rests in the sound discretion of the district judge. We need not reach the thorny question of the court's authority to grant credit for time served, however, because under the present circumstances, the Court chooses not to exercise it, assuming we had the power to do so. While the Court agrees with the Defendant's position concerning the base offense level, we nonetheless believe that this case warrants the upper range of the applicable guideline. The Defendant has violated a district judge's order, refused to cooperate with the Government, notwithstanding the Government's offer of witness protection, and now stands convicted by a jury which found that his actions were willful. Any lesser sentence would not vindicate our system of criminal justice.

■ Accordingly, it is ORDERED that the Defendant be committed to the custody of the Attorney General for a term of seven (7) months, followed by a period of two (2) years of supervised release. Additionally, it is further ORDERED that the

---

**2.** The base offense level is six for a felony and four for a misdemeanor. Guideline section 2J1.5.

**3.** Judge Breyer is a member of the United States Sentencing Commission.

**4.** In particular, this Court disagrees with the *Underwood* court's discussion of the "unreasonable" length of sentence imposed. We also take

exception to that court's treatment of the good faith issue.

**5.** In any event, the guideline for Failure to Appear by Material Witness provides for a three-level increase if "the offense resulted in substantial interference with the administration of justice." Guideline section 2J1.5.

Defendant shall pay to the United States the sum of $10,050, consisting of a fine of $10,000 and a special assessment of $50. The term of imprisonment imposed by this judgment shall run consecutively to any state or federal sentences.[6]

DONE and ORDERED.

---

**6.** The Government's Motion for Upward Departure is DENIED. The Court finds no basis for departure on this record.