**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark HERRE, Defendant–Appellant.**

No. 90–5139
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 6, 1991.

Jay M. Levy, Hershoff & Levy, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Kathleen M. Salyer, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

**837**

Before TJOFLAT, Chief Judge, and ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Defendant Mark Herre appeals from his conviction for knowingly and willfully, and in disobedience and resistance to a lawful order and command of the district court, failing to give testimony before a grand jury as ordered. 731 F.Supp. 1051. *See* 18 U.S.C. § 401(3) (1988).

As a result of his arrest in October 1988 by state authorities for transporting a large quantity of marijuana in the Florida Keys, Herre was subpoenaed by a federal grand jury investigating marijuana smuggling in that area. At his first appearance before the grand jury on March 28, 1989, Herre invoked his fifth amendment privilege against self-incrimination and refused to answer any substantive questions. The district court subsequently entered an order granting Herre use immunity and compelling his testimony before the grand jury.

Herre next appeared before the grand jury on April 4, 1989 and again refused to answer any questions, despite the fact that he was warned that he had been granted use immunity and could no longer refuse to testify. The district court issued a second order compelling Herre to testify which he refused to obey, and the court subsequently found Herre in civil contempt and ordered him incarcerated. He remained incarcerated for four and one-half months until just before the grand jury disbanded. Herre was subsequently indicted and convicted for criminal contempt.

On appeal, Herre raises two issues. He initially contends that the district court committed reversible error in allowing the government to admit evidence at trial of his previous arrest for possession of marijuana by state authorities because such evidence was irrelevant. As the government notes, however, the evidence of Herre's prior arrest was inextricably intertwined with the evidence of the charged offense. The proffered evidence was essentially a part of "the chain of events explaining the context, motive, and set-up

of the crime" and was properly admitted "to complete the story of the crime for the jury." *See United States v. Williford*, 764 F.2d 1493, 1498–99 (11th Cir.1985). The evidence presented the jury with necessary background information showing why Herre had been subpoenaed and provided the jury with some basis to understand the reasons behind the charged offense. As a result, the evidence was essentially part of the charged offense, and the district court did not abuse its discretion in admitting evidence of the arrest.[1] *See United States v. Weeks*, 716 F.2d 830, 832–33 (11th Cir. 1983); *United States v. Costa*, 691 F.2d 1358, 1361 (11th Cir.1982).

 Herre also argues that the district court erred in excluding evidence of his expert psychologist in order to establish his defense of duress. The record shows that the expert witness would have testified that the defendant's testimony before the grand jury would have exacerbated his wife's mental illness and that fear of this possibility prevented Herre from testifying. We find, however, that the district court did not abuse its discretion in refusing to admit the expert witness' testimony because even if it had been admitted, it would have been insufficient as a matter of law to establish a defense of duress. In order to establish this defense, Herre was required to show that his refusal to testify before the grand jury was based on an *immediate threat of death or serious bodily injury*, that he had a well-grounded fear that the threat would be carried out, and that there was no legal alternative to violating the law. *See United States v. Blanco*, 754 F.2d 940, 943 (11th Cir.1985); *United States v. Contento–Pachon*, 723 F.2d 691, 693–95 (9th Cir.1984). If the expert's testimony has been admitted, it would not have led to any reasonable inference supporting any of the elements of this defense. In addition, even if the proffered testimony would have had any legal relevance, it was cumulative of Herre's wife's testimony, who testified extensively about her fears for her own safety and that of her husband

if he testified. Thus, Herre was not prejudiced in making out his defense of duress by the exclusion of his expert witness' testimony.

For the foregoing reasons, the defendant's conviction is AFFIRMED.

---

1. Because we hold that the evidence of his arrest was admissable as intrinsic evidence of the offense, we need not consider Herre's further contention that the evidence was inadmissable under Fed.R.Evid. 404(b).