972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Magdalena COVARRUBIAS, Defendant-Appellant.
 No. 91-50599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Aug. 26, 1992.
 
 1
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Magdalena Covarrubias pled guilty to a four-count indictment for her part in a conspiracy to import marijuana. The district court sentenced her to 27 months of confinement after denying her request to depart downward from the Sentencing Guidelines' mandated range on the basis that her participation constituted "aberrant behavior." The district court stated that, as a matter of law, a departure for aberrant behavior was not available because Covarrubias had stood to profit from her role in the criminal enterprise. Covarrubias challenges that holding as an unnecessarily wooden interpretation of "aberrant behavior." We agree.
 
 
 4
 On the afternoon of November 25, 1990, Covarrubias drove into the United States from Mexico in a car that had almost 50 kilograms of marijuana concealed in its panels. When questioned about whom the car belonged to and who her passenger was, she gave one set of answers and then spontaneously changed her story, explaining that the first answers were those her passenger had told her to give if border agents asked questions. She later told the probation officer that a friend had invited her to go with him to the United States and to loan her money if she would help him with the driving. She admits to having become suspicious shortly before crossing the border, but claims she did not want to know what was hidden in the car.
 
 
 5
 We have previously held that "the Guidelines recognize that a first offense may constitute a single act of truly aberrant behavior justifying a downward departure." United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991) (citing Guidelines Manual, Ch. 1, Part A, Introduction, para. 4(d)). The district court retains wide discretion to decide, on the basis of "a total pattern of behavior," which defendants deserve such departures. United States v. Takai, 930 F.2d 836, 1434 (9th Cir.1991). In fact, the district court is not precluded from finding that a criminal act constitutes aberrant behavior as long as a first-time defendant has not been a regular participant in an on-going criminal enterprise and is not being convicted of several different illegal acts. United States v. Morales, No. 91-50513, slip op. at 4161, 4168 (9th Cir. Apr. 17, 1992). Covarrubias was a first-time offender engaged in a single criminal act. No evidence suggests that she had any involvement in an on-going criminal enterprise, or indeed that she knowingly undertook criminal activity in this instance. She was thus eligible for a downward departure for aberrant behavior.
 
 
 6
 The sentencing judge indicated that, had he had the discretion to depart downward, he would have sentenced Covarrubias to only 18 months in custody. In light of the foregoing, we VACATE the sentence and REMAND so that he may exercise his discretion whether to depart downward in this case.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3