[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11172
Non-Argument Calendar
_____

D. C. Docket No. 08-00373-CR-4-IPJ-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES FRANKLIN PERRY, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 21, 2009)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

James Franklin Perry, Sr. appeals his conviction and sentence after a jury found him guilty of being a felon in possession of a firearm. On appeal, he raises the following two arguments: (1) the district court erred under Fed.R.Evid. 404(b) by allowing the government to elicit testimony that narcotics were found in his residence; and (2) the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) because there was no showing that his firearms facilitated, or had the potential to facilitate, his possession of methamphetamine. For the reasons set forth below, we affirm Perry's conviction and sentence.

**I.**

A federal grand jury returned an indictment against Perry, charging him with being a felon in possession of eight specific firearms, in violation of 18 U.S.C. § 922(g)(1). The indictment also alleged that Perry had been convicted in January 2007 in Alabama for the unlawful possession of marijuana and the unlawful possession of a controlled substance.

Before trial, Perry filed a motion in limine, requesting the district court to instruct the government not to comment on, or present evidence about, any illegal drugs found in Perry's residence, where the firearms were discovered. Perry argued that any reference to drugs would constitute "evidence of criminal acts that are not related to [his] possession of the weapons" and would therefore be unduly

prejudicial. Perry also offered to stipulate that he was previously convicted of the felonies referred to in the indictment. In response, the government agreed to the stipulation, but argued that, although it did not anticipate doing so, it could refer to drugs found at Perry's residence during trial, as this evidence was "intrinsic" to the charged offense and therefore fell outside the scope of Fed.R.Evid. 404(b). The district court accepted the stipulation and denied Perry's motion in limine.

At trial, the government called Officer Gary Ward with the St. Clair County Sheriff's Office ("SCCSO"), who testified that, on September 6, 2007, he led a team of approximately 10 to 15 officers in executing a search warrant at Perry's residence. Upon conducting the search, Ward and the officers found several guns in the guest bedroom, office, and master bedroom. Ward stated that he and the officers also found a large Safari safe in the office, in which they later discovered ammunition and numerous firearms, eight of which were the firearms referenced in the indictment.

During the government's case in chief, the government twice elicited testimony regarding narcotics found in Perry's residence. First, the government asked Ward what was found in the safe, and Ward responded: "Handguns, long guns, illegal narcotics." Second, the government posed the same question to Joe Sweatt, chief investigator and evidence custodian for the CCSCO, who testified

that they found ammunition, "a host of guns and some other drugs, paraphernalia, and some personal items . . . ."

Defense counsel called Perry, who admitted that the firearms found in the safe belonged to him. However, he denied having access to the safe and testified that only two of his guns, neither of which were operational, were not locked in the safe. He also testified that, following the execution of the warrant in September 2007, he pled guilty in state court to both possession and distribution of methamphetamine, and, with respect to the possession offense, he admitted that there was some methamphetamine found in his house. After the district court instructed the jury – including that Perry was "not on trial for any other act or any other conduct or any other offense that is not alleged in the indictment" – the jury returned a guilty verdict.

The probation officer prepared a pre-sentence investigation report ("PSI"). In setting out Perry's offense conduct, the probation officer first noted that an unspecified amount of methamphetamine was found in the master bedroom and in other unspecified areas of the house. In calculating Perry's applicable guideline range, the probation officer gave Perry a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A), applied a 6-level enhancement based on the number of firearms, pursuant to § 2K2.1(b)(1)(C), and applied a 2-level enhancement based

4

on the fact that two of the firearms were reported stolen, pursuant to § 2K2.1(b)(4)(A). The probation officer also applied a four-level enhancement under § 2K2.1(b)(6) because Perry possessed the firearms in connection with another felony offense, namely, possession of methamphetamine. In discussing Perry's criminal history, the probation officer noted that Perry pled guilty to both distribution and possession of methamphetamine. It was noted that the distribution offense occurred on August 1, 2007, while the possession offense occurred on September 6, 2007, the date of the search that uncovered the firearms. Perry's offense level of 26, combined with his criminal history category of IV, produced an applicable guideline range of 92 to 115 months' imprisonment.

Perry objected to the four-level enhancement under § 2K2.1(b)(6), arguing that "there was not sufficient evidence shown at the time of trial that [he] possessed drugs in connection with the firearms for which he was charged and convicted." The court overruled the objection, stating: "I'm going to overrule based on the evidence I heard in open court regarding where the guns were located, where the ammunition was located, where the son's guns were located, and where the drugs were located." The court thereafter adopted the factual statements and guideline calculations in the PSI and, although it sentenced Perry to the low end of the guideline range, the court credited him with time served for an unrelated offense,

5

thus resulting in a total sentence of 74 months and 16 days' imprisonment. This appeal followed.

**II.**

"We review evidentiary rulings for abuse of discretion." United States v. Gunn, 369 F.3d 1229, 1236 (11th Cir. 2004). However, and despite filing a motion in limine to exclude evidence at trial relating to narcotics, Perry did not object on this ground at trial, and, therefore, we review the Rule 404(b) issue for plain error. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003); see United States v. Khoury, 901 F.2d 948, 966 (11th Cir. 1990) ("A defendant must object at trial to preserve an objection on appeal; the overruling of a motion in limine does not suffice."). Under this standard, Perry must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, knowledge, identity, or absence of mistake or accident . . . ." Fed.R.Evid. 404(b). Thus, to be admissible under Rule 404(b),

6

extrinsic evidence of other crimes or acts must "(1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) . . . the evidence must satisfy Rule 403." United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000).

In this case, Perry challenges the government's elicitation of testimony about narcotics found in his residence. In response to questions about what was found in Perry's safe, both Officer Ward and Investigator Sweatt briefly mentioned that they found narcotics there. This testimony, however, was not "extrinsic" evidence subject to Rule 404(b) because, since the firearms listed in the indictment were also found in the safe, this testimony was "inextricably intertwined with the evidence regarding the charged offense" and was "necessary to complete the story of the crime of trial." United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983); see United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) ("[E]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.") (quotation omitted). Thus, Perry has not shown that the district court plainly erred in allowing this testimony.

7

In any event, this testimony did not substantially influence the jury's verdict. Gunn, 369 F.3d at 1236. This is so because the government elicited only two isolated and in-passing references to narcotics found in Perry's safe. Moreover, and even if this limited testimony had some impact on the jury, it was rendered harmless by Perry's own admission that methamphetamine was found in his residence and that he pled guilty to possession and distribution of methamphetamine. Finally, the district court instructed the jury that Perry was "not on trial for any other act or any other conduct or any other offense that is not alleged in the indictment." See Edouard, 485 F.3d at 1345 ("[A]ny unfair prejudice possibly caused by admitting evidence . . . was mitigated by the district court's limiting instruction to the jury."); Gunn, 369 F.3d at 1236 (holding that any error in admitting extrinsic evidence was harmless in part because the court issued a limiting instruction). Thus, even if it was error to allow this testimony, it did not affect Perry's substantial rights. Accordingly, we affirm Perry's conviction.

**III.**

"This [C]ourt reviews the district court's application and interpretation of the sentencing guidelines under the de novo standard of review, but reviews its findings of fact for clear error." United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). Under U.S.S.G. § 2K2.1(b)(6), a defendant is subject to a four-level

enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6). Application Note 14 of the commentary to § 2K2.1, added in 2006, clarifies that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." Id., comment. (n.14(A)). As a result, when that other felony offense is a "drug trafficking offense," the commentary instructs the court to apply the enhancement when a firearm is found in "close proximity" to drugs. Id., comment. (n.14(B)).

In this case, the district court applied the enhancement because it found that Perry possessed firearms in connection with another felony offense. The record fully supports this conclusion. Perry testified and confirmed that he had pled guilty to both possession and distribution of methamphetamine. He also admitted that methamphetamine had been found in his house. It is a given fact that there is a close relationship between guns and drugs. This is true whether or not the criminal conduct is possession of illegal drugs or when the criminal conduct is both possession and distribution of illegal drugs. There is no question that the guns involved in this case were found in close proximity to the drugs. Thus, the four-level enhancement imposed by the district court is in full accord with Application Note 14(B) and we affirm the sentence.

IV

For the reasons set forth above, we affirm Perry's conviction and sentence.

AFFIRMED.