UNITED STATES of America

v.

**Natalia IVANOVA, Defendant.**

**No. 11 Cr. 614.**

United States District Court,
S.D. New York.

Signed May 2, 2014.

---

Daniel Park Chung, Jonathan Ephraim Weis Cohen, Michael Ferrara, Rachel Maimin, U.S. Attorney's Office, New York, NY, for United States of America.

Don D. Buchwald, Law Offices of Don Buchwald, Lily K. Francis, Kelley Drye & Warren, LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

In a four-count Superseding Indictment dated October 31, 2013 (the "Indictment"),

a grand jury charged defendant Natalia Ivanova ("Ivanova") with conspiring to commit marriage fraud, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325(c); conspiring to commit visa, permit and document fraud, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1546(a); conspiring to transport, harbor and encourage the residence of aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Dkt. No. 297.) Trial is scheduled to begin on May 12, 2014.

On April 14, 2014, the Government filed motions *in limine* requesting that the Court declare certain evidence admissible at trial. (Dkt. No. 386.) Specifically, the Government intends to introduce evidence concerning (1) fake marriages Ivanova allegedly arranged as part of the charged conspiracies other than the 43 marriages previously identified in discovery; (2) items seized from a search of Ivanova's home, which the Government alleges were used in furtherance of the conspiracy; (3) Ivanova's alleged post-arrest attempts to tamper with witnesses; and (4) Ivanova's own allegedly fake marriage. By letter dated April 25, 2014, Ivanova opposes the motion in part. (Dkt. No. 3 97.)

For the reasons discussed below, the Government's motions *in limine* are **GRANTED.**

## I. *LEGAL STANDARD*

■ Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)") provides that evidence of prior bad acts "may" be admissible to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Second Circuit "follows the 'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under [Federal Rule of Evidence] 403 or not relevant under [Federal Rule of Evidence] 402." *United States v. Carlton,* 534 F.3d 97, 101 (2d Cir.2008) (citation omitted).

■ To determine whether Rule 404(b) permits or forbids the exclusion of certain evidence, a court must first determine whether the evidence concerns bad acts other than the charged crimes. Evidence of uncharged conduct is not considered " 'other crimes' " evidence, and therefore not subject to Rule 404(b) analysis, "if it 'arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial.' " *United States v. Towne,* 870 F.2d 880, 886 (2d Cir.1989) (alterations in original) (*quoting United States v. Weeks,* 716 F.2d 830, 832 (11th Cir.1983)). This type of evidence need not "directly establish an element of the offense charged"; rather, it can "provide background" for the alleged events, and may be admitted to show "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Coonan,* 938 F.2d 1553, 1561 (2d Cir.1991) (citation omitted).

■ If the evidence at issue is prior bad act evidence, the court must conduct a Rule 404(b) analysis. "Evidence may be introduced under Rule 404(b) if (1) it is introduced for a proper purpose, (2) it is relevant to the charged offense, (3) its prejudicial effect does not substantially outweigh its probative value, and (4) it is admitted with a limiting instruction if requested." *United States v. Rutkoske,* 506 F.3d 170, 176–77 (2d Cir.2007). A district

court enjoys "broad discretion" in determining whether to admit evidence pursuant to Rule 404(b). *Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2d Cir.1991) (internal quotation marks omitted).

## II. *DISCUSSION*

As described above, the Government seeks to introduce four categories of evidence. The Court considers each category of evidence in turn.

### A. *PREVIOUSLY UNDISCLOSED FAKE MARRIAGES*

■ The Government has previously disclosed to defense counsel a list of 43 allegedly fake marriages that Ivanova helped to arrange as part of the charged conspiracies. At trial, the Government plans to introduce evidence about other allegedly fake marriages that Ivanova arranged in furtherance of the conspiracies.

The Court is persuaded that evidence of these additional marriages is admissible as direct evidence of the charges. Because the evidence consists of actions "done in furtherance of the alleged conspirac[ies]," the actions are not " 'other' act[s] within the meaning of Rule 404(b)." *United States v. Concepcion,* 983 F.2d 369, 392 (2d Cir.1992). This direct evidence also helps explain the relationships and interactions among various coconspirators in this case. *See United States v. Mercado,* 573 F.3d 138, 141 (2d Cir.2009) (affirming admission of evidence that explained development of relationship between co-conspirators).

Ivanova seeks to preclude the Government from using evidence of any fraudulent marriages that are not part of the charged conspiracies. But the evidence that the Government seeks to introduce relates only to marriages that *are* part of the charged conspiracies. Should the Government seek to introduce evidence of fraudulent marriages that are *not* part of the charged conspiracies, the Court will consider their admissibility at that time.

■ Finally, the Court will not at this time exclude evidence of fraudulent marriages insofar as Ivanova argues that introduction of such material would cause "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R.Evid. 403. However, the Court is mindful of these potential pitfalls, and Government is cautioned to avoid them in the course of the trial. The Government has provided the Court with a list of 17 witnesses whom it intends to call at trial. It appears from their proffered testimony that many of these witnesses will testify about the same, or substantially similar, events. To the extent that the probative value of any witness's testimony "is substantially outweighed by a danger of" presenting cumulative or wasteful evidence, *id.,* the Court will limit the testimony accordingly.

### B. *ITEMS FROM IVANOVA'S HOME*

■ Law enforcement, with Ivanova's consent, seized evidence from her home at the time she was arrested. Ivanova previously moved to suppress this evidence, claiming that she invoked her right to counsel before consenting to the search. After a hearing, the Court denied the motion. (Dkt. No. 269.) The Government now seeks to enter the fruits of that search as evidence of the charged crimes.

■ Ivanova does not specifically object to the use of any of the evidence seized from her home. The Government proffers that much of the evidence was used in furtherance of the frauds charged in the Indictment. If the Government sufficiently connects the evidence collected to the charged crimes, then it is admissible as the "tools of the trade" of the crimes. *See United States v. Mitchell,* 328 F.3d 77, 83

(2d Cir.2003) (upholding admission of evidence of firearms as "tools of the trade" of drug conspiracy).

Ivanova asks the Court to admit this evidence only if the Government specifically identifies which of the items seized from Ivanova's home were used in connection with the charged crimes. She offers no authority to support this request for particulars. The Court is not persuaded that such particulars are necessary for Ivanova to prepare her defense. *See United States v. Salazar,* 485 F.2d 1272, 1277–78 (2d Cir.1973). Nonetheless, to the extent the Government may be able to facilitate and expedite the trial by providing additional particulars to Ivanova without jeopardizing its presentation of its direct case, it may serve efficiency for it to consider doing so.

### C. *CONSCIOUSNESS OF GUILT*

■ The Government seeks to introduce evidence that Ivanova tampered with witnesses as relevant toward her consciousness of guilt. Evidence of consciousness of guilt is generally admissible. *See United States v. Perez,* 387 F.3d 201, 209 (2d Cir.2004). Ivanova does not object to the admission of such evidence. Should Ivanova request a limiting instruction, the Court will provide one. *See id.*

### D. *IVANOVA'S FAKE MARRIAGE*

■ The Government proffers that Ivanova entered into her own fake marriage in 1998. According to the Government, Ivanova submitted fraudulent paperwork to the immigration authorities in connection with her own marriage, similar to the fraudulent paperwork she allegedly aided others to submit in furtherance of the charged crimes. Thus, the Government contends that evidence of Ivanova's fake marriage is admissible under Rule 404(b) to show intent, knowledge, identity, and absence of mistake. Ivanova argues

in response that evidence of her marriage is inadmissible because it goes only to show her propensity to commit marriage fraud and that its unfairly prejudicial effect substantially outweighs any probative value it might have.

■ "Where a defendant's intent or knowledge is clearly at issue, evidence of prior acts may be admissible to prove intent or knowledge." *United States v. Pitre,* 960 F.2d 1112, 1119 (2d Cir.1992). Thus, where knowledge or intent is an element that the government must prove at trial, evidence of the defendant's involvement in prior similar acts are admissible to prove such knowledge or intent. *Id.; see also United States v. Zackson,* 12 F.3d 1178, 1182 (2d Cir.1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged.").

■ Prior similar criminal acts are also admissible to prove identity where the defendant operated through a "common *modus operandi.*" *United States v. Carlton,* 534 F.3d 97, 101–02 (2d Cir.2008). "For the prior similar acts to be probative of identity there must be 'a high degree of similarity . . . [leading] to the logical inference, by virtue of the combination of common features, that a common plan or design was at the basis for all the [criminal acts] and hence that it was the [defendant] who committed this [criminal act].'" *United States v. Neary,* 733 F.2d 210, 216 (2d Cir.1984) (alterations in original) (*quoting United States v. Danzey,* 594 F.2d 905, 913 (2d Cir.1979)).

■ However, prior act evidence of this kind must be relevant to an issue that is actually in dispute. *See Pitre,* 960 F.2d at 1119. If the defendant offers a "statement to the court of sufficient clarity to

indicate that the issue will not be disputed," then the Government cannot introduce prior act evidence on that issue. *Id.* (*quoting United States v. Colon,* 880 F.2d 650, 659 (2d Cir.1989)); *see also United States v. Ortiz,* 857 F.2d 900, 904 (2d Cir.1988) (where defendant's unequivocal defense is that he did not commit the charged acts, "intent is not placed in issue" and thus "evidence of other acts is not admissible for the purpose of proving intent").

The Court is persuaded that Ivanova's own fraudulent marriage is relevant to the issues of intent, knowledge, identity, and absence of mistake. At trial, the Government will have to prove that Ivanova knowingly and intentionally conspired to assist others in entering fraudulent marriages. *See United States v. Pinckney,* 85 F.3d 4, 8 (2d Cir.1996) (identifying one element of conspiracy as "specific intent to achieve the objective of the conspiracy"). That Ivanova herself participated in a fraudulent marriage is probative of her knowledge of how to submit the necessary fraudulent paperwork and that her work to assist others in obtaining their own fake marriages was no innocent mistake. Moreover, the methods Ivanova used to obtain her own fraudulent marriage, which the Government asserts are substantially similar to the methods she used to help others obtain fraudulent marriages, are proof of *modus operandi* that is probative of her identity.

Ivanova vaguely asserts that she will not contest issues of intent, knowledge, or absence of mistake. However, absent a more clear understanding of the theory of defense, the Court is not persuaded at this time that Ivanova has removed those issues from dispute. Moreover, Ivanova does not purport to remove the issue of identity from dispute. Indeed, if Ivanova failed to dispute all of these issues, it is difficult to understand what relevant or legally grounded theory of defense could remain open to her.

 Finally, in light of the probative value evidence of Ivanova's fraudulent marriage has regarding issues of intent, knowledge, identity, and lack of mistake, the Court is not persuaded that such probative value "is substantially outweighed by" any unfair prejudice that might result. *See* Fed.R.Evid. 403. Thus, at this time, the Court grants the Government's motion to admit evidence of Ivanova's own fake marriage.

Finally, the Court notes that it will consider giving an appropriate limiting instruction as to this matter if Ivanova requests one. *See Rutkoske,* 506 F.3d at 177.[1]

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Government's motions *in limine* (Dkt. No. 386) are **GRANTED.**

**SO ORDERED.**

---

1. In a passing reference, Ivanova requests a six-month adjournment to review recently produced discovery. The Court is not persuaded that an adjournment is necessary. This case has been pending for over two years, and the current trial date was set after defense counsel requested a six-month adjournment from the previous trial date. Moreover, the Government represents that it will identify what files in the recently produced discovery it will seek to introduce at trial. Ivanova's request for an adjournment is therefore denied.